UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DAVID E. THOMAS, an individual,<br><br>          Plaintiff,<br><br>     v.<br><br>ALLSTATE INDEMNITY COMPANY, a foreign insurer,<br><br>          Defendant. | NO. CV-10-137-EFS<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR REMAND AND GRANTING DEFENDANT'S MOTION FOR CHANGE OF VENUE** |

Plaintiff David E. Thomas ("Thomas") sued Allstate Indemnity Company ("Allstate") for various federal and state statutory and common law violations arising out of the alleged breach of a renter's insurance contract. Thomas alleges that Allstate willfully failed to pay amounts due under the contract after his apartment was burglarized and several items were taken from it. Thomas is currently incarcerated in Florida, and he granted his relatives power of attorney. The case was initially filed in Spokane County Superior Court. On May 3, 2010, Allstate removed it to this Court. Before the Court, without oral argument, are Thomas's Motion to Remand (Ct. Rec. 2) and Allstate's Motion to Change Venue (Ct.

ORDER ~ 1

Rec. 6). For the reasons given below, the Court denies Thomas's motion and grants Allstate's motion.

## I. Motion to Remand

Allstate filed its notice of removal on May 3, 2010 (Ct. Rec. 1). It claimed diversity of citizenship as its basis for removal. *Id.* at 2. Thomas argues the amount in controversy is nowhere near $75,000.[1]

When it is ambiguous from the face of the state court complaint whether the amount in controversy is sufficient, the defendant must show by a preponderance of the evidence that the amount exceeds $75,000. *Guglielmino v. McKee*, 506 F.3d 696, 699 (9th Cir. 2007). Here, the state court Complaint does not specify the amount sought. (Ct. Rec. 1 Ex. C.) When determining the amount in controversy, the court may consider affidavits and declarations relevant to the amount in controversy at the

---

[1] As an alternative grounds for jurisdiction, Allstate argues in its opposition to this motion that a federal cause of action appears on the face of Thomas's Complaint. (Ct. Rec. 11 at 7.) Although the presence of a federal question provides the Court with subject matter jurisdiction over this case, the Court does not consider this basis because Allstate did not include it in its removal petition or raise it within thirty days of receiving the Complaint. *See O'Halloran v. Univ. of Wash.*, 856 F.2d 1375, 1381 (9th Cir. 1988); *Sullivan v. BNSF Ry. Co.*, 447 F. Supp. 2d 1092, 1099 (D. Ariz. 2006); *Sonoma Falls Developers, LLC v. Nev. Gold & Casinos, Inc.*, 272 F. Supp. 2d 919, 925 (N.D. Cal. 2003).

ORDER ~ 2

time of removal. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (citation omitted).

Thomas claims that his actual damages on the breach of contract claim are limited to $16,291.59, and that statutory treble damages therefore limit his total recovery to $48,874.77. According to Thomas, reasonable attorney's fees could put the total amount in controversy over $75,000.

The Court is satisfied that the jurisdictional requirement of $75,000 in controversy is met. In his calculation, Thomas neglects a number of bases for recovery. In addition to his two Washington statutory claims that provide treble damages for breach of contract,[2] Thomas also alleges insurance bad faith. This tort provides insured persons with redress above and beyond contractual damages to deter insurers from willfully withholding payments due. *Woo v. Fireman's Fund Ins. Co.*, 150 Wn. App. 158, 171 (2009) (quoting *Kirk v. Mt. Airy Ins. Co.*, 134 Wn.2d 558, 560 (1998)). He also claims damages from Allstate's intentional disclosure of private information, in violation of 15 U.S.C. § 6802. Those two additional claims alone could account for an additional $26,125.23 in damages. According to Thomas's counsel's declaration, attorney's fees in a case like this might go as high as $15,000 if calculated at an hourly rate, and in this case his fee agreement is 33% of ultimate recovery. Those fees may be included in the calculation. *Guglielmino*, 506 F.3d at 700. When the Court considers all the claimed

---

[2] RCW 48.30.010 & 19.86.

ORDER ~ 3

violations and the potential 33% attorney fee, it concludes that the amount in controversy exceeds $75,000.

## II. Motion for Change in Venue

Allstate moves to transfer venue to the Western District of Washington, arguing that the convenience of the parties and the interests of justice favor adjudication in that district. A party may move to transfer venue under 28 U.S.C. § 1404(a) "[f]or the convenience of parties and witnesses, in the interest of justice . . . to any other district . . . where it might have been brought." The parties do not dispute that jurisdiction and venue would be proper in the Western District of Washington. Thomas argues that transferring venue is not in the interests of justice, however.

Allstate submitted police reports in connection with this motion in order to show the addresses of potential witnesses. Thomas objects that those reports are inadmissible hearsay and should not be considered. *Cochran v. NYP Holdings, Inc.*, 58 F. Supp. 2d 1113, 1119 (C.D. Cal. 1998) (holding that a party moving to transfer venue must provide admissible evidence as to who the key witnesses will be and what their testimony will include). The Court will consider the reports included in the declaration. The reports are offered to show the truth of matters asserted, including locations of the burglary and its witnesses. Nevertheless, entries in a police report resulting from the officer's own observations may be admitted as business records unless it can be shown that they lack trustworthiness. Fed. R. Evid. 803(6); *United States v.*

ORDER ~ 4

*Pazsint*, 703 F.2d 420, 424 (9th Cir. 1983). Thomas does not dispute the reports' trustworthiness.

When deciding a motion to transfer venue, a court considers the following factors: 1) the state most familiar with the governing law; 2) plaintiff's choice of forum; 3) the parties' contacts with the forum; 4) events in the chosen forum related to the cause of action; 5) differences in cost of litigation between the two forums; 6) availability of compulsory process for non-party witnesses; and 7) ease of access to sources of proof. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000).

On balance, the factors favor transfer. In Thomas's favor, he plainly chose the Eastern District of Washington. Although he filed this case in Spokane County Superior Court, not federal court, the choice of Spokane County indicates his preference for the Eastern over the Western District of Washington. Nevertheless, courts give less deference to a plaintiff's chosen forum if the action has little to do with that forum and particularly if witnesses are located elsewhere. *Pac. Car & Foundry Co. v. Pence*, 403 F.2d 949, 955 (9th Cir. 1968); *Saleh v. Titan Corp.*, 361 F. Supp. 2d 1152, 1157 (S.D. Cal. 2005).

This district has little connection to the case and all identified non-party witnesses live in the Western District of Washington. Neither party resides in the Eastern District of Washington. Until recently, Thomas resided in the Western District of Washington, and Allstate, a foreign corporation, has its local office in that district. Thomas's

ORDER ~ 5

relatives, who represented him in his initial claim with Allstate, reside in the Eastern District, however. To the extent that Thomas's relatives disputed the initial insurance claim with Allstate, the claim arose in part in Spokane. But it is undisputed that the underlying insurance claim arose out of the burglary of an apartment in Mountlake Terrace, which is in the Western District of Washington. Furthermore, it is essential to Allstate's case to call non-party witnesses to the burglary. Allstate's investigation and non-payment of the insurance claim for losses from the burglary is the basis for the entire case. Whether Allstate acted reasonably or in bad faith is therefore essential. The witnesses to the burglary can help clarify the circumstances of the burglary, as Thomas's insurance claim and the police reports tell different stories bout what happened. Other witnesses may be able to help the fact-finder discover who owned the items that were claimed to have been stolen and describe the condition of the items before they were taken from the apartment. All of those witnesses live in the Western District of Washington.

The remaining factors do not point in either direction. The federal courts in both districts are familiar with Washington law, and the difference in the cost of litigation is insignificant. Although Allstate's records are in the Western District, those documents can be copied and delivered to either venue easily. *Alexander v. Franklin Res., Inc.*, No. C 06-7121 SI, 2007 WL 518859, at *4 (N.D. Cal. Feb. 14, 2007).

Because the Western District of Washington has a more significant connection to the events that gave rise to this suit and most of the

ORDER ~ 6

available witnesses are in that district, the Court finds that transfer is appropriate. The Court recognizes that transfer may inconvenience Thomas's relatives, who are assisting in litigating this case. Although a court should not grant a transfer if doing so would merely shift the inconvenience of litigation from one party to the other, *Ellis v. Costco Wholesale Corp.*, 372 F. Supp. 2d 530, 541 (N.D. Cal. 2005), the Court finds that venue in the Western District would be substantially more convenient for the parties and witnesses and would serve the interests of justice.

Accordingly, **IT IS HEREBY ORDERED**:

1) Plaintiff's Motion to Remand **(Ct. Rec. 2)** is **DENIED.**

2) Defendant's Motion for Change of Venue **(Ct. Rec. 6)** is **GRANTED**.

3) The Clerk of the Court is **DIRECTED** to close this file and transfer this matter to the Western District of Washington.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and to provide copies to all counsel.

**DATED** this         7th         day of June 2010.


                         S/ Edward F. Shea
                         EDWARD F. SHEA
                    United States District Judge

Q:\Civil\2010\137.remand.venue.wpd

ORDER ~ 7